United States District Court
Southern District of Texas
**ENTERED**
August 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN BASS AND CHRIS ANNA BASS, *Plaintiffs*, | § § § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-1277 |
| AMERICAN ECONOMY INSURANCE CO. D/B/A SAFECO INSURANCE, *Defendant*. | § § § § | |

# **MEMORANDUM AND RECOMMENDATION**

This insurance dispute involving property damage from Winter Storm Uri in February 2021 is before the Court on Plaintiffs' Amended Motion for Partial Summary Judgment.[1] ECF 68. Having considered the parties' submissions and the law, the Court recommends that Plaintiffs' Motion be DENIED.[2]

## **I. Background**

Plaintiffs are the insureds under homeowner's insurance policy Number OY8333123 issued by Defendant and effective February 10, 2021 to February 10, 2022 (Policy). ECF 62-4. Plaintiffs made a claim under the Policy on or about February 23, 2021 for damage caused by burst pipes. ECF 1-4, ¶¶ 8-9. In their

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 10.

[2] Defendant's Motion for Summary Judgment (ECF 83) is addressed in a separate Memorandum and Recommendation.

lawsuit, Plaintiffs complain of Defendant's conduct during the investigation, claim handling, and repair process during the eighteen-month period following the initial claim. *Id.* ¶¶ 10-50. Between March 2021 and July 2022 Defendant made several payments to Plaintiffs totaling less than Plaintiffs claim they are due. *Id.* ¶¶ 44, 51; ECF 62-7. On August 16, 2022, Defendant's representative informed Plaintiffs that it would not make any further payments because Plaintiffs had failed to provide an itemized breakdown of their damages. ECF 1-4 ¶¶ 51-52. Plaintiffs' attorney sent Defendant a pre-suit demand letter on September 27, 2022, along with a statement of Plaintiffs' claimed losses. *Id.* ¶¶ 53-54.

Like "virtually every property insurance policy,"[3] the Policy contains a provision allowing either party to demand appraisal. ECF 62-4 at 71 (Special Provisions—Texas Policy Endorsement § 1 ¶ 7). About a year and a half after receiving the demand letter on September 29, 2022, Plaintiffs filed their initial claim, and Defendant invoked the appraisal clause under the Policy. ECF 62-48. Prior to invoking appraisal, Defendant had paid Plaintiffs $40,659.98. ECF 64.

Plaintiffs filed suit in Texas State Court on February 13, 2023, asserting claims for breach of contract, breach of the duty of good faith and fair dealing, and Texas Insurance Code violations. ECF 1-4. Defendant removed the case to federal court on the basis of diversity jurisdiction. ECF 1 at 3. On November 21, 2023, the

---

[3] *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009).

Court granted Defendant's Motion to Abate discovery until completion of the appraisal process. ECF 16. The appraisers ultimately issued a Final Appraisal Award on June 29, 2024, as amended on July 18, 2024, establishing the total Replacement Cost Value (RCV) of Plaintiffs' loss as $110,956.66, and the Actual Cost Value (RCV less depreciation) of Plaintiffs' loss as $102,025.70. ECF 62-49. Defendant made three payments on the Appraisal award totaling $63,369.29, for total claim payments to Plaintiffs of $104,029.27. ECF 64. After accounting for the $2,406.00 deductible, the total unpaid portion of the appraisal award for RCV is $4,521.39, about half of the amount of depreciation accounted for in the ACV award. *Id.* The Court lifted the stay on September 19, 2024. ECF 40. The parties engaged in some limited discovery and Plaintiffs filed the instant Motion for Partial Summary Judgment on September 16, 2025. ECF 68.

## II. Legal Standards

### A. Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Generally, the party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). However, if the party moving for summary judgment bears the burden of proof on an issue he must "establish

beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

The Court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

**B. Texas Prompt Payment of Claims Act**

The Texas Prompt Payment of Claims Act (TPPCA) "imposes procedural requirements and deadlines on insurance companies to promote the prompt payment of insurance claims," and "also contains specific requirements and deadlines for responding to, investigating, and evaluating insurance claims." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 812 (Tex. 2019). To succeed on a claim for violation of the TPPCA a plaintiff must prove: 1) a claim under an insurance

policy; 2) the insurer is liable for the claim; and 3) the insurer has failed to follow one or more sections of the TPPCA with respect to the claim. *Id.*; *Urb. Oaks Builders LLC v. Gemini Ins. Co.*, No. 4:19-CV-4211, 2020 WL 7064791, at *8 (S.D. Tex. Dec. 2, 2020)(citations omitted), *report and recommendation adopted*, No. 4:19-CV-4211, 2021 WL 517036 (S.D. Tex. Feb. 11, 2021).

The second element of a TPPCA claim requires a Plaintiff to show the insurer "accepts liability or is adjudicated liable under the policy." *Lakeside FBBC, LP v. Everest Indem. Ins. Co.*, No. SA-17-CV-491-XR, 2020 WL 1814405, at *11 (W.D. Tex. Apr. 8, 2020) (emphasis added). "Nowhere does the TPPCA mention appraisals or how invocation of an appraisal process affects the TPPCA's deadlines and requirements." *Barbara Techs. Corp.*, 589 S.W.3d at 814.

**C. Legal Effect of Full Payment of Appraisal Award**

State and federal courts in Texas generally agree that full payment of an appraisal award eliminates both an insured's claim for breach of the insurance contract and extracontractual claims under the prompt payment and unfair settlement practices provisions of the Texas Insurance Code, the Texas Deceptive Trade Practices Act, and common law bad faith claims. *National Sec. Fire &Cas. Co. v. Hurst*, 523 S.W.3d 840, 845-48 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *Rios v. Homesite Ins. Co.*, No. 5:23-CV-00006, 2024 WL 4984446, at *5 (S.D. Tex. Sept. 26, 2024). For example, in *Hurst*, the Texas Court of Appeals reversed and

remanded a jury verdict in a case in which the insurance company had paid the full appraisal award (less amounts already paid) within thirty days of the award. The plaintiff had not moved to set aside the award and plaintiff's breach of contract and extracontractual claims were tried to a jury after which the court entered an award in plaintiff's favor. In reversing and remanding the trial court's judgment, the Texas appellate court wrote that "Hurst has received the benefits to which he was entitled under the policy and had not alleged any act so extreme as to cause independent injury." *Hurst,* 523 S.W. 2d at 848.

The following year the Texas Supreme Court in *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 488 (Tex. 2018) took the "opportunity to provide clarity regarding the relationship between claims for an insurance-policy breach and Insurance Code violations." In *Menchaca*, which did not involve the appraisal process, the Supreme Court held that unless the insured had a contractual right to benefits under the insurance policy, as a general rule it cannot "recover policy benefits as 'actual damages'" caused by an insurer's statutory violation. *Id*. at 489. The Supreme Court set forth in *Menchaca* "five distinct but interrelated rules that govern the relationship between contractual and extra-contractual claims in the insurance context." *Id.* Briefly, the rules are as follows:

(1) **The General Rule:** "an insured cannot recover policy benefits as damages for an insurer's statutory violation unless the insured has a right to those benefits under the policy;"

(2) **The Entitled-to-Benefits Rule:** an insured who has a right to benefits under the policy can recover benefits as actual damages "if the insurer's statutory violation causes the loss of benefits;"

(3) **The Benefits-Lost Rule:** an insured who does not have a contractual right to policy benefits can recover benefits as actual damages "if the insurer's statutory violation caused the insured to lose that contractual right;"

(4) **The Independent-Injury Rule:** an insured who does not have a contractual right to policy benefits may recover actual damages "if an insurer's statutory violation causes an injury independent of the loss of policy benefits;" and

(5) **The No-Recovery Rule:** an insured cannot recover any damages for an insurer's statutory violation if (i) the insured does not have a contractual right to policy benefits and (ii) the insured did not sustain an "injury independent of a right to benefits."

*Id*. at 489-501. When preserving an insured's right to recover actual damages for an independent injury, the Texas Supreme Court noted that such injuries would be rare and refused "to speculate what would constitute a recoverable independent injury." *Id*. at 500.

In *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131-133 (Tex. 2019), a case which involved an appraisal award that had been paid in full, the Texas Supreme Court reaffirmed the Independent-Injury Rule established by *Menchaca*. Ortiz argued the insurer breached the policy because the appraisal award was higher than the amount the insurer had offered. *Id.* The Texas Supreme Court rejected that claim, noting that Texas Appellate Courts "have unanimously rejected [Ortiz's] argument and held that an insurer's payment of an appraisal award in the face of similar allegations of pre-appraisal underpayment forecloses liability on a breach of

contract claim." *Id.* With respect to Ortiz's bad faith claims, State Farm argued that after payment of the appraisal award Ortiz had received all the benefits to which he was entitled under the Policy and had failed to present evidence of an independent injury as required by *Menchaca* for the recovery of damages for breach. *Id.* at 133. Ortiz argued he was entitled to recover fees and expenses incurred as a result of State Farm's unreasonable investigation of his claim. *Id.* at 134. The Court concluded that: Ortiz's fees and expenses were not "actual damages;" Ortiz's only actual damages were policy benefits; and Oritz could not maintain a statutory or common law bad faith claim after payment of the appraisal award. *Id.* at 135. The Court remanded Ortiz's TPPCA claim for further consideration in light of its opinion issued the same day in *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806 (2019). *Id.* at 136.

*Barbara Techs.* addressed whether an insured can prevail on a TPPCA claim for damages after an insurer has paid an appraisal award. 589 S.W.3d at 809. After conducting two inspections State Farm denied Barbara Techs.'s claim under the policy, stating that the damage sustained was less than the policy deductible. *Id.* Barbara Techs. sued, asserting a TPPCA and other claims. State Farm invoked the policy's appraisal provision and paid the appraisal award less the depreciation and deductible within a few days of the appraisal award. *Id.* at 810. Barbara Techs. amended its Petition to seek only statutory damages under the TPPCA. *Id.*

The *Barbara Techs.* Court disapproved of other decisions by Texas courts holding that "full and timely payment of an appraisal award precludes an insured from recovering damages under the TPPCA as a matter of law." *Id.* at 818 (citations omitted). The Court noted that "[n]othing in the TPPCA would excuse an insurer from liability for TPPCA damages if it was liable under the terms of the policy but delayed payment beyond the applicable statutory deadline, regardless of use of the appraisal process." *Id.* at 819. According to the Texas Supreme Court, "[u]nder the TPPCA, use of the appraisal process to resolve a dispute has no bearing on any deadlines or enforcing any missed deadlines." *Id.* at 817-18. However, damages under section 542.060 of the TPPCA are not available absent an acknowledgment or finding of the insurer's liability and, significantly, "payment in accordance with an appraisal is neither an acknowledgment of liability nor a determination of liability under the policy for purposes of TPPCA damages under section 542.060." *Id.* at 820. Considering these legal principals together—that appraisal does not toll TPPCA deadlines and that TPPCA damages require a determination of liability—the Supreme Court held that "payment of the appraisal value neither established liability under the policy nor foreclosed TPPCA damages under section 542.060." *Id.* at 823. In sum, the Texas Supreme Court held that "neither State Farm's invocation of the policy's appraisal process for resolution of a dispute as to the amount of loss, nor

State Farm's payment based on the appraisal amount, exempts State Farm from TPPCA damages as a matter of law." *Id.* at 829.

More recently, the Texas Supreme Court addressed the recovery of attorney fees on a TPPCA claim after payment of an appraisal award. In *Rodriguez v. Safeco Ins. Co. of Indiana*, 684 S.W.3d 789, 790 (Tex. 2024), the Fifth Circuit certified the following question to the Texas Supreme Court:

> In an action under Chapter 542A of the Texas Prompt Payment of Claims Act, does an insurer's payment of the full appraisal award plus any possible statutory interest preclude recovery of attorney's fees?

*Id.* The Texas Supreme Court answered "yes." *Id.* The Court based its decision on a strict interpretation of the express language of section 542A.007 of the Texas Insurance Code, which sets forth a formula for the calculation of attorney fees. The Court reasoned that the statute allows fees only when the insured secures a *judgment* on a claim *under the policy. Id.* at 793. (emphasis added). The *Rodriguez* court recognized that an insurer who pays an appraisal award still may be subject to a judgment on claims *other than a claim under the policy* but held that section 542A.007 does not permit recovery of attorney fees on such other claims. *Id*. at 794 (citing *Barbara Techs.,* 589 S.W.3d at 827 and *Ortiz*, 589 S.W.3d at 132-33).

Multiple federal courts applying Texas law have addressed similar issues since the Texas Supreme Court's decisions in *Menchaca, Ortiz*, and *Barbara Techs*. For example, in *Mirelez v. State Farm Lloyds*, 127 F.4th 949, 950 (5th Cir. 2025),

after the invocation of appraisal and issuance of the award, the parties continued to dispute the amount owed. Mirelez filed suit and State Farm "tendered the actual cash value amount as provided in the appraisal award, minus the deductible and the prior payment issued to Mirelez, plus what State Farm calculated as the maximum amount of accrued interest." *Id.* As a result, "Mirelez conceded that summary judgment was appropriate on his breach of contract and TPPCA claims." *Id.* Mirelez's concession was reasonable because both the Fifth Circuit and district courts within the Fifth Circuit uniformly hold that payment of an appraisal award precludes an insurer's right to recovery on a breach of contract claim. *See, e.g., Martinez v. State Farm Lloyds*, No. 4:23-CV-00641, 2024 WL 1348439, at *3-4 (S.D. Tex. Mar. 29, 2024); *Rios v. Homesite Ins. Co.*, No. 5:23-CV-00006, 2024 WL 4984446, at *5 (S.D. Tex. Sept. 26, 2024); *Dijkman v. AmGuard Ins. Co.*, No. 4:23-CV-01430, 2024 WL 4520130, at *2 (S.D. Tex. Oct. 17, 2024); *Peterson v. Safeco Ins. Co. of Indiana*, No. 3:21-CV-02186-K, 2024 WL 3378393, at *3 (N.D. Tex. July 11, 2024); *Vernon v. State Farm Lloyds*, No. 3:23-CV-2142-E, 2025 WL 3635577, at *6 (N.D. Tex. Oct. 29, 2025), *report and recommendation adopted*, No. 3:23-CV-2142-E, 2025 WL 3634191 (N.D. Tex. Dec. 12, 2025).

Likewise, post-*Barbara Techs.* federal courts in the Fifth Circuit have held that TPPCA claims are barred when the insurer has paid statutory interest in connection with the appraisal award. *See Martinez v. State Farm Lloyds*, No. 4:23-

CV-00641, 2024 WL 1348439, at *5 (S.D. Tex. Mar. 29, 2024) (stating that "many Texas and federal courts who have addressed this issue have concluded that summary judgment is appropriate on a Plaintiff's TPPCA claim where a plaintiff has failed to offer any summary judgment evidence demonstrating that they would be entitled to any greater amount of interest than what was paid by the insurer.").

The Fifth Circuit, like the Texas Supreme Court, has held that extra-contractual bad faith claims are not barred as a matter of law by payment of an appraisal award; however, the recovery of damages requires proof of an independent injury. *Mirelez v. State Farm Lloyds*, 127 F.4th 949, 952 (5th Cir. 2025) (affirming summary judgment because plaintiff's only actual damages were compensation for the value of the claimed property loss, which do not constitute "an independent loss, like those contemplated by the Texas Supreme Court in *Ortiz*."). The Fifth Circuit addressed and affirmed this holding in *Mirelez* multiple times in 2025. *See Senechal v. Allstate Vehicle & Prop. Ins. Co.*, 127 F.4th 976, 979 (5th Cir. 2025) (quoting *Mirelez* and affirming dismissal due to lack of evidence of independent injury); *First Baptist Church Daisetta Texas v. Church Mut. Ins. Co.*, No. 24-40594, 2025 WL 893797, at *2 (5th Cir. Mar. 24, 2025) (affirming dismissal of extra-contractual claims because plaintiff did not have "evidence supporting an independent injury caused by alleged violations of Chapter 541 of the Insurance Code or an alleged breach of duty owed"); *Guiles v. GeoVera Advantage Ins. Servs., Inc.*, No. 24-40411,

2025 WL 893755, at *1 (5th Cir. Mar. 24, 2025) (affirming dismissal of claims because that did not assert an independent injury); *Wilhite v. Ark Royal Ins. Co.*, No. 24-20401, 2025 WL 2588992, at *5 (5th Cir. Sept. 8, 2025) (holding "[a]n insured cannot maintain tort claims against his insurer if he has received his full appraisal award absent evidence of an independent injury"); *Frederich v. Trisura Specialty Ins. Co.*, No. 24-40748, 2025 WL 2840272, at *2 (5th Cir. Oct. 7, 2025) (same as *Wilhite*); *Dillen v. QBE Ins. Corp.*, No. 25-20070, 2025 WL 2978442, at *1 (5th Cir. Oct. 22, 2025) (same as *Wilhite*).

The cases discussed above establish that breach of contract and TPPCA claims cannot survive summary judgment if the insurer has paid an appraisal award in full including all statutory interest. Binding precedents also establish that, after payment of an appraisal award, a plaintiff must present evidence of an independent injury to survive summary judgment on extra-contractual bad faith claims. Neither Texas courts nor federal courts applying Texas law have clearly delineated what constitutes an "independent" injury. Most courts hold that neither mental anguish nor increased market costs of repairs since the date of an appraisal award constitute an independent injury which could support an extra-contractual bad faith claim. *See Vernon*, 2025 WL 3635577, at *9 (citing cases). Indeed, of all the cases cited above and reviewed by the Court, only *Vernon* held that bad faith claims survived the defendant's motion for summary judgment. The Plaintiff in *Vernon* presented evidence of additional

damage to her home that resulted from the insurer's delay in paying benefits. *Id*. at *8. In denying the insurer's motion for summary judgment on Plaintiff's bad faith claims, the *Vernon* court cited the Texas Supreme Court's observation in *Ortiz* that additional property damages resulting from the insurer's delay could qualify as actual damages independent of the loss of policy benefits, damages which were absent in *Mirelez* and other cases. *Id.*

Having set out the relevant law, the now Court turns to Plaintiffs' Partial Motion for Summary Judgment, which has been fully briefed and is ripe for determination. ECF 68; ECF 71; ECF 74.

## III. Analysis

Plaintiffs move for summary judgment on their claims for breach of contract, TPPCA violations, and for pre-judgment interest and attorney's fees.[4] As the parties with the burden of proof, Plaintiffs must "establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [their] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). They have not met their burden.

---

[4] Plaintiffs do not move for summary judgment on their statutory and common law bad faith claims. *See* ECF 68.

**A. Plaintiffs are not entitled to summary judgment on their breach of contract claim.**

Plaintiffs contend that because the Policy incorporates TPPCA deadlines, the Defendant breached the Policy by not timely paying the claim, entitling them to consequential damages. ECF 68 at 12-18. Plaintiffs further contend that because *Barbara Techs.* holds that appraisal does not toll the deadlines under TPPCA, Defendant's liability for breach of the contract is not extinguished by payment of the appraisal award. *Id.* In addition, Plaintiffs contend their breach of contract claim is not foreclosed because Defendant has not paid $4,521.38 in what they categorize as living expenses or $8,379.36 for borrowing costs on a Frost Bank loan obtained for cost of repairs pending payment of insurance benefits. *Id.* at 18-22. Plaintiffs' breach of contract theory attempts to bypass the clear holding of *Ortiz* and its progeny.

*Ortiz* rejected the argument that a breach of contract claim remains viable when an insurer accepts a claim but initially pays less on the claim than the amount determined by appraisal. The Texas Supreme Court held in *Ortiz* that "[i]t simply does not follow that an appraisal award demonstrates that an insurer breached by failing to pay the covered loss." 589 S.W.3d at 132–33. When the parties contractually agree to the appraisal procedure for determining the amount of the insured's loss, and the insurer pays the binding appraisal award, the insurer has complied with its obligations "under the policy." *Id*. at 133. Plaintiffs' claim for

breach of contract is a claim "under the policy," and is therefore barred by Defendant's payment of the appraisal award.

Plaintiffs also seek the unpaid balance of the appraisal award, $4,521.38. Plaintiff contends this sum is for living expenses covered by the policy, while Defendant contends the sum represents mortgage payments which are not covered expenses under the policy. Plaintiff bears the burden to show that a loss is covered by the policy. *See Century Sur. Co. v. Hardscape Const. Specialties Inc*., 578 F.3d 262, 265 (5th Cir. 2009) (holding that Texas law "places the burden of establishing coverage upon the insured"). Plaintiffs have presented no evidence demonstrating that the claimed $4,521.38 constitutes living expenses covered by the policy. The appraisal award includes this sum, expressly identified as mortgage payments, in the $29,614.82 amount awarded for loss of use (ECF 62-49 at 28), but appraisal determines only the amount of loss, not coverage. *See Castandea v. Maxum Indem. Co.*, No. 7:24-CV-00071, 2025 WL 3050185, at *3 (S.D. Tex. July 30, 2025) (explaining that no matter what the appraisers say, the terms of the policy govern coverage). Plaintiffs' Policy expressly covers only "additional living expenses," not all living expenses. ECF 11-3 at 50. Plaintiffs have not cited any provision of the Policy that affords coverage for the claimed loss of $4,521.38, which is derived from the amount of their mortgage payments. ECF 62-49 at 28. Plaintiffs have not met their burden to show beyond peradventure that the claimed $4,521.38 is for a covered

loss. Therefore, Plaintiffs are not entitled to summary judgment on any aspect of their breach of contract claim.

**B. Plaintiffs are not entitled to summary judgment on their TPPCA claim.**

In *Barbara Techs.*, the Texas Supreme Court made clear that payment of an appraisal award alone does not as a matter of law bar a claim under the TPPCA. 589 S.W.3d at 819 ("Nothing in the TPPCA would excuse an insurer from liability for TPPCA damages if it was liable under the terms of the policy but delayed payment beyond the applicable statutory deadline, regardless of use of the appraisal process."). However, *Barbara Techs.* does not hold that a TPPCA claim *always* survives payment of an appraisal award.

In *Barbara Techs.*, the insurer invoked appraisal after the insured filed suit, and then paid the amount of the appraisal, less depreciation and the deductible, six days after receiving the appraisal award. *Id.* at 815. Notably, nothing in *Barbara Techs.* indicates that the insurer paid interest on the appraisal award as fulfillment of its TPPCA obligations. Here, Defendant paid statutory interest on the appraisal award in the amount of $26,836.90 as TPPCA damages. ECF 71 at 8; ECF 35-2. Defendant's payment of statutory interest forecloses a claim under the TPPCA. *See, e.g., Martinez*, 2024 WL 1348439, at *5; *Vernon*, 2025 WL 3635577, at *6. Defendant has paid all the TPPCA damages it is obligated to pay and therefore Plaintiffs are not entitled to summary judgment on their TPPCA claim.

**C. Plaintiff has not shown that Defendant miscalculated statutory interest by failing to use the "declining principal" formula.**

Plaintiffs argue that payment of the appraisal award plus interest does not fully satisfy Defendant's TPPCA or breach of contract liability because Defendant failed to calculate interest using the "declining principal" formula applicable to the calculation of prejudgment interest, leaving approximately $3,500.00 in unpaid interest. ECF 68 at 21-26. Plaintiffs rely primarily on *State Farm Mut. Auto. Ins. Co. v. Norris*, 216 S.W.3d 819, 821–22 (Tex. 2006) and *GuideOne Lloyds Ins. Co. v. First Baptist Church of Bedford*, 268 S.W.3d 822, 829 (Tex. App. 2008). Neither case supports their cause.

In *Norris*, the Texas Supreme Court held that the "declining principal" formula applies to calculation of prejudgment interest in an uninsured motorist case. Under this formula, in calculating interest the court "considers the date on which the insured received each payment." 216 S.W.3d 819, 821–22. The inherent problem with Plaintiffs' argument is that no judgment exists in this case and therefore Plaintiffs are not entitled to any prejudgment interest. *See Norris*, 216 S.W.3d at 821–22 (stating "[t]he purpose of prejudgment interest is to compensate a claimant for the lost use of money due as damages during the lapse of time between the accrual of the claim and the date of the *judgment*" (emphasis added)); *see also Cortinas v. Liberty Mut. Pers. Ins. Co.*, No. SA-22-CV-544-OLG (HJB), 2025 WL 233589, at *6 (W.D. Tex. Jan. 13, 2025), *report and recommendation adopted*, No.

SA-22-CV-00544-OLG-HJB, 2025 WL 1062093 (W.D. Tex. Apr. 8, 2025) (explaining that under the "declining principal rule," "[a] settlement payment should be credited first to accrued prejudgment interest as of the date the settlement payment was made, then to 'principal,'" and holding that "[t]he problem with Plaintiffs' argument is that it is only a 'judgment' that 'earns prejudgment interest'")

Similarly, *GuideOne Lloyds Ins. Co. v. First Baptist Church of Bedford*, 268 S.W.3d 822, 829 (Tex. App. 2008), involved the calculation of interest on damages awarded in a judgment and did not involve an appraisal award. In *GuideOne*, the trial court issued a judgment after a jury verdict awarding the insured actual damages, penalty interest under Article 21.55 of the Insurance Code (recodified as the TTPCA), prejudgment interest, attorney's fees, and post-judgment interest. *Id.* Under § 21.55, the "claim" on which the penalty interest was to be calculated was the amount ultimately determined to be owed, less any partial payments. *Id*. at 831. The trial court calculated the interest penalty on the entire damages award running from the accrual date of the claim through the date of judgment. *Id.* at 831. Reversing, the appellate court held that the proper calculation of the interest penalty required the court to: (1) determine the amount of regular prejudgment interest that accrued on the insured's breach of contract damages as of the date the insurer made an unconditional tender of $155,000; (2) apply the $155,000 tender first to the amount of prejudgment interest that had accrued as of the tender date as calculated

in step (1); (3) apply the remaining amount of the tendered funds to reduce the total damages award; and (4) apply the 18% penalty to the resulting reduced damages amount. *Id.* at 833. Thus, the trial court's interest calculation was reduced, awarding the insured interest to which it was entitled, i.e., penalty interest on the difference between the amount ultimately owed and the amount unconditionally tendered by the insurer. *Id*. at 831.

In this case, Defendant paid statutory interest on the total appraisal award, less its partial payments, for the entire period April 6, 2021 through the date of payment of the appraisal award, potentially over-paying interest. Plaintiffs have not shown that Defendant's calculation is incorrect because, again, Plaintiffs here have not obtained a judgment for breach of contract damages and there is no prejudgment interest to calculate or to apply at all. Neither *Norris* nor *GuideOne* support summary judgment in Plaintiff's favor on the issue of pre-judgment interest.

**D. Plaintiffs are not entitled to summary judgment on their claim for attorney's fees.**

Plaintiffs argue they are entitled to an award of attorney's fees pursuant to Texas Insurance Code §542.007, with the amount of the award to be determined at a later date. ECF 68 at 26-36. Plaintiffs attempt to distinguish *Rodriguez v. Safeco Ins. Co. of Indiana*, 684 S.W.3d 789, 790 (Tex. 2024) because the insured in that case conceded that payment of the appraisal award disposed of his breach of contract and Insurance Code violation claims. ECF 68 at 28 (citing *Rodriguez v. Safeco Ins.*

*Co. of Indiana*, No. 5:20-cv-168, 2022 WL 6657888, *1 & n.2 (N.D. Tex. Oct. 3, 2022)). Plaintiffs also argue *Menchaca* does not bar recovery of attorney's fees as consequential damages. *Id.* at 30-35. Even if the Court were to accept Plaintiffs' distinctions, recovery of attorney fees in any amount would require a judgment in Plaintiff's favor. No judgment exists on any claim at this time. Therefore, Plaintiff's Motion for Summary Judgment on attorney's fees should be denied.

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court recommends that Plaintiffs' Motion for Summary Judgment (ECF 68) be DENIED in its entirety.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on August 04, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge